# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **Brian Roffe Profit Sharing Plan** | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **Facebook, Inc. et al** | ) | Case No. 1:12-CV-04081-RWS |
| Defendants. | ) | ECF CASE |
| | | |
| **Twining** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **Facebook, Inc. et al** | ) | Case No. 1:12-cv-04099-RWS |
| Defendants. | ) | ECF CASE |
| | | |
| **Braun et al** | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **Facebook, Inc. et al** | ) | Case No. 1:12-cv-04150-RWS |
| Defendants. | ) | ECF CASE |
| | | |
| **Alexander et al** | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **Facebook, Inc. et al** | ) | Case No. 1:12-cv-04157-RWS |
| Defendants. | ) | ECF CASE |

| | | |
|---|---|---|
| **Lightman** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **Facebook, Inc. et al** | ) | **Case No. 1:12-cv-04184-RWS** |
| **Defendants.** | ) | **ECF CASE** |

| | | |
|---|---|---|
| **Reichenbaum** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **Facebook, Inc. et al** | ) | **Case No. 1:12-cv-04194-RWS** |
| **Defendants.** | ) | **ECF CASE** |

| | | |
|---|---|---|
| **Lazard** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **Facebook, Inc. et al** | ) | **Case No. 1:12-cv-04252-RWS** |
| **Defendants.** | ) | **ECF CASE** |

| | | |
|---|---|---|
| **Gregorcyzk** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **Facebook, Inc. et al** | ) | **Case No. 1:12-cv-04291-RWS** |
| **Defendants.** | ) | **ECF CASE** |

| | | |
|---|---|---|
| **Goldberg et al** | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **Facebook, Inc. et al** | ) | **Case No. 1:12-cv-04332-RWS** |
| **Defendants.** | ) | **ECF CASE** |

| | | |
|---|---|---|
| **Brinckerhoff** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **Facebook, Inc. et al** | ) | **Case No. 1:12-cv-04312-RWS** |
| **Defendants.** | ) | **ECF CASE** |

| | | |
|---|---|---|
| **Eannarino** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **Facebook, Inc. et al** | ) | **Case No. 1:12-cv-04360-RWS** |
| **Defendants.** | ) | **ECF CASE** |

| | | |
|---|---|---|
| **Leitner** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. 1:12-cv-04551-RWS** |
| **Facebook, Inc. et al** | ) | **ECF CASE** |
| **Defendant** | | |

| | |
|---|---|
| **Savitt** ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **Facebook, Inc. et al** ) | Case No. 1:12-cv-04648-RWS |
| **Defendants.** ) | ECF CASE |

| | |
|---|---|
| **Wise et al** ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **Facebook, Inc. et al** ) | Case No. 1:12-cv-04777-RWS |
| **Defendants.** ) | ECF CASE |

**REPLY MEMORANDUM OF LAW OF RICK POND IN FURTHER SUPPORT OF HIS MOTION FOR APPOINTMENT AS CO-LEAD PLAINTIFF AND FOR APPOINTMENT OF CO-LEAD COUNSEL**

## INTRODUCTION

Proposed Lead Plaintiff Rick Pond respectfully submits this reply memorandum of law in further support for to his appointment as co-lead plaintiff and for appointment of co-lead counsel in this action against Facebook, Inc. ("Facebook" or the "Company"), Facebook executives and board members as individuals, and financial institutions including Morgan Stanley, J.P. Morgan Securities LLC, Goldman Sachs & Co., Merrill

1

Lynch, Pierce, Fenner & Smith Inc., and Barclay's Capital Inc. (collectively the "Underwriter Defendants").

In addition to Mr. Pond, there are currently three other groups continuing to seek appointment as lead plaintiff: (1) William Anhood and Jose and Mary Galvan ("Anhood/Galvan Group") (*see Brian Roffe Profit Sharing Plan et al. v. Facebook et al.*, No. 12-cv-4081 (S.D.N.Y. May 23, 2012), ECF No. 65) (now seeking appointment as lead plaintiff on behalf of a retail investor class or appointment as co-lead plaintiff with an institutional investor); (2) Eiffel Tower Ventures LLC, The GAF Unit Trust, and White Dune LLC (the "Personal Investment Funds") (*see id.* at ECF No. 67); and (3) North Carolina Retirement Systems, Banyan Capital Master Fund Ltd., Arkansas Teacher Retirement System, and the Fresno County Employees' Retirement Association ("Institutional Investor Group") (*see id.* at ECF No. 66).[1]

However, this is a case where a co-lead plaintiff structure is necessary to protect the interests of individual retail investors from the potential conflicts that appear to be present between institutional and individual investors. Mr. Pond is the proper choice for the individual investor to serve as co-lead plaintiff with the institutional investor appointed by the Court. The only other potential candidate, the Anhood/Galvan Group,

---

[1] A number of the other motions for appointment as lead plaintiff and lead counsel filed in these actions have been withdrawn. *See Brian Roffe Profit Sharing Plan at al. v. Facebook et al.*, No. 12-cv-4081 (S.D.N.Y. May 23, 2012), ECF Nos. 54, 56, 59, and 72. Others have not filed any response to the competing motions. *See Goldberg et al v. Facebook, Inc. et al*, No. 12-cv-4332 (S.D.N.Y. June 1, 2012) (David Goldberg, Sean Quirk, Sid Nasr, Mariusz Kusian, and Garrett Garrison did not file any response papers to their initial motion); *Brian Roffe*, No. 12-cv-4081, ECF Nos. 10-13 (Alexis Alexander, Robert Herpst, and Vijay Akkaraju did not file any response papers to their initial motion).

fails to satisfy the criteria for selection as co-lead plaintiff because the group consists of an improper aggregation of unrelated investors that cannot be considered "individuals" when determining the appropriate co-lead plaintiff.

## ARGUMENT

I. **This Case Presents Facts that Require the Appointment of an Individual Investor as Co-Lead Plaintiff**

In cases where there is the potential for conflict to arise that would disqualify the lead plaintiff from representing the class, it is in the best interests of the class to appoint a co-lead plaintiff. *See Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 112, 120-21 (S.D.N.Y. 2010) (appointing an individual, not a group of individuals, as co-lead plaintiff on the grounds that "on the possibility that conflicts do ultimately arise, the interests of the class can be protected by the appointment of a co-lead plaintiff.")

As discussed in Mr. Pond's prior briefs, publicly available evidence about the Facebook IPO suggests that prior to the IPO, the Underwriter Defendants advised large institutional clients that they were lowering their quarterly and annual revenue forecasts for Facebook. But individual investors like Mr. Pond did not receive this information. *See* Complaint at ¶ 24, *Brian Roffe*, No. 12-cv-4081 (S.D.N.Y. May 23, 2012), ECF No. 1; Gina Chon, Anupreeta Das & Jenny Strasburg, *Some Big Firms Got Facebook Warning*, WALL ST. J. (May 24, 2012), http://online.wsj.com/article/ SB10001424052702304707604577422690917189500.html. The issue of who received the information about the lowered Facebook revenue forecasts may in fact be significant to this case. *See Brian Roffe,* No. 12-cv-4081 (S.D.N.Y. May 23, 2012), ECF No. 1 at ¶

3

24. If an institution were appointed as sole lead plaintiff and was later found to have known about the lowered revenue forecasts before the IPO, the defendants may have a complete defense against that plaintiff. *See* 15 U.S.C. §77k(a) (acquiring the security with knowledge of the alleged untruth or omission provides the defendant a complete defense). This would potentially affect the claims of the rest of the class, and in particular the claims of the individual investors.

In their Memorandum of Law in Further Support of the Motion of the Institutional Investor Group for Appointment as Lead Plaintiff, Approval of its Selection of Co-Lead Counsel, and Consolidation of All Related Actions, and in Opposition to the Competing Motions ("Institutional Investor Group Memo in Further Support"), *Brian Roffe,* No. 12-cv-4081, ECF No. 66 at pg. 7, the Institutional Investor Group argues that a co-lead plaintiff structure is not appropriate in this case. They cite *Glauser v. EVCI Center Colleges Holding Corp.*, 236 F.R.D. 184 (S.D.N.Y. 2006), arguing that the court in that case found that appointing an individual investor as co-lead plaintiff would fracture the leadership and drive up attorney's fees and that more than speculative proof was required to show the need for a co-lead plaintiff structure. However, the Institutional Investor Group failed to note that the court also found, "The relevant inquiry is whether there are likely to be subclasses of investors with conflicting interests." *EVCI*, 236 F.R.D. at 189 (finding there was no showing that the interests of the individual and institutional investors would be antagonistic or that any investors were subject to unique defenses).

This case presents a completely different factual situation than *EVCI.* Here, there are numerous reports of institutional investors receiving information about the decreased

4

revenue outlook before the IPO. If an institution did have that information, it might be subject to a complete defense. As a result, the plaintiffs here (institutional and individual investors) are not "similarly situated." *See EVCI*, 236 F.R.D. at 189-90 ("As a general rule, however, when all plaintiffs are similarly situated in terms of injury (as they are here), the class is best served by having one Lead Plaintiff.") There has been a sufficient factual showing that subclasses of investors with conflicting interests may exist.

Furthermore, the Institutional Investor Group argues that *Janbay* is not an appropriate case to rely upon for the proposition that a co-lead plaintiff structure is necessary to prevent conflict. *See* Institutional Investors Memo in Further Support, *Brian Roffe,* No. 12-cv-4081, ECF No. 66 at fn. 1. Although they are correct in pointing out that their group member North Carolina Retirement Systems has suffered the greatest individual loss by a substantial amount, the court in *Janbay* did not appoint an individual investor as co-lead plaintiff because the presumptive lead plaintiff was inadequate. In *Janbay*, this Court appointed a co-lead plaintiff to protect the class in the event of potential conflicts. *See Janbay*, 272 F.R.D. at 120-21 ("[O]n the possibility that conflicts do ultimately arise, the interests of the class can be protected by the appointment of a co-lead plaintiff.")

It is in the best interests of the class to appoint Mr. Pond as co-lead plaintiff with an institutional lead plaintiff in order to protect against any potential conflicts.

## II. Mr. Pond, not the Anhood/Galvan Group, is the Proper Individual Investor to Appoint as Co-Lead Plaintiff

Although the Anhood/Galvan Group has alleged larger losses than Mr. Pond (collectively $414,600 as compared with Mr. Pond's $83,981.50), they should not be appointed co-lead plaintiff because they are an improper group of unrelated individuals. Furthermore, the group should not be disaggregated because they are just now asking, for the first time, to be appointed co-lead plaintiff or lead plaintiff of a retail investor class and they have not requested that the Court consider them as individuals for the purposes of appointing lead plaintiff.

### A. The Anhood/Galvan Group Has Not Provided Evidence to Support Aggregation of Their Claims

Courts in this District have found that allowing groups of unrelated individuals to serve as lead plaintiff is contrary to the purpose of the PSLRA and leads to lawyer-driven litigation. *See Weltz v. Lee,* 199 F.R.D. 129, 132–33 (S.D.N.Y. 2001). Such groups are only appointed as lead plaintiff when it would be in the best interests of the class. *See Beckman v. Ener1*, No. 11 Civ. 5794 (PAC), 2012 WL 512651, at *2 (S.D.N.Y. Feb. 15, 2012). Furthermore, groups need to provide sufficient evidence as to why their claims should be aggregated. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.,* 589 F.Supp.2d 388, 392 (S.D.N.Y. 2008) (finding that groups moving for lead plaintiff under the PSLRA need to show evidence of a pre-litigation relationship, group member's participation in the litigation, plans for cooperation, the sophistication of the members, and whether the members chose outside counsel).

To date, the Anhood/Galvan Group has offered no evidence to support the aggregation of their claims. Neither the Anhood/Galvan Memo nor their subsequent Anhood/Galvan Memo in Further Support discusses the relationship between Mr. Anhood and Mr. and Mrs. Galvan, their plans to work together on the litigation, or how they came to be represented by counsel. *See* Anhood/Galvan Memo, *Brian Roffe*, No. 12-cv-4081, ECF No. 44; Anhood/Galvan Memo in Further Support, *Brian Roffe*, No. 12-cv-4081, ECF No. 65. This complete lack of evidentiary support for the aggregation of their claims indicates that the Anhood/Galvan Group is a lawyer-created group that is not a proper co-lead plaintiff under the PSLRA.

### B. The Anhood/Galvan Group Should Not Be Disaggregated

Although the Court may disaggregate groups of investors moving as a group for appointment as lead plaintiff, *see e.g., In re CMED Sec. Litig.*, No. 11 Civ. 9297 (KBF), 2012 WL 1118302, at *2 (S.D.N.Y. Apr. 2, 2012), that should not be done with the Anhood/Galvan Group. If the group has never requested the court to consider the group members as individuals for the purpose of appointing lead plaintiff, other movants have not had the opportunity to assess and rebut the group's argument about whether the individuals meet the typicality and adequacy requirements of Rule 23 as required by the PSLRA. *See Niederklein v. PCS EdventuresA.com, Inc.*, No. 1:10-cv-00479-EJL-CWD, 2011 WL 759553, at *8 (D. Idaho Feb. 24, 2011) (finding that a group of unrelated individuals was not proper under the PSLRA and declining to disaggregate the group and consider the individual members for lead plaintiff because the group did not offer that

7

alternative until their reply memorandum, so other plaintiffs did not have the opportunity to rebut whether they met the typicality and adequacy requirements of Rule 23).

In their initial brief, the Anhood/Galvan Group sought appointment as the sole lead plaintiff, claiming they had the largest financial interest in the litigation. *See* Anhood/Galvan Memo, *Brian Roffe*, No. 12-cv-4081, ECF No. 44. Realizing they were not the largest investor, they now seek appointment either as lead plaintiff for a class of retail investors or as co-lead plaintiff of a class of all investors. *See* Anhood/Galvan Memo in Further Support, *Brian Roffe*, No. 12-cv-4081, ECF No. 65. They have never raised the possibility of Mr. Anhood or Mr. and Mrs. Galvan being appointed as individuals as lead or co-lead plaintiff, and consequently have not presented any facts as to how either individual meets the adequacy and typicality requirements. The only argument presented is how, as a group, they meet the adequacy and typicality requirements of Rule 23 because their collective claims arise out of the same legal theory as all investors and they collectively do not have any interests antagonistic to those of the class. *See id.*; *see also* Anhood/Galvan Memo, *Brian Roffe*, No. 12-cv-4081, ECF No. 44.Therefore, Mr. Pond, the Institutional Investor Group, and the Personal Investment Funds have not had an opportunity to consider or rebut arguments about whether Mr. Anhood as an individual or Mr. and Mrs. Galvan as an individual satisfy Rule 23.

In contrast, Mr. Pond raised the potential conflict in his opening brief and sought co-leadership alongside an institutional investor. Additionally, he presented facts and argument about his ability, as an individual, to meet the Rule 23 requirements in his initial memorandum. *See* Memorandum of Law In Support of Motion by Rick Pond for

8

Consolidation of Related Class Action Complaints, for His Appointment as Lead Plaintiff on Behalf of the Class and for Approval of Lead Plaintiff's Selection of Lead Counsel ("Pond Memo"), *Brian Roffe*, No. 12-cv-4081, ECF No. 19. He specifically asserts that his claim, as well as the claims of all other class members, arises from the May 18, 2012 IPO by Facebook and the artificially increased prices caused by Defendants' failure to disclose material information and therefore his claim is typical of that of the class. *See id.* Additionally, he asserts that his interests are aligned with the interests of the class because he has no conflict or special defenses. *See id.* Therefore, although Mr. Anhood and Mr. and Mrs. Galvan allege a greater loss than the $83,981.50 loss alleged by Mr. Pond, neither should be considered for appointment as co-lead plaintiff.

Furthermore, appointing the Anhood/Galvan Group as lead plaintiff of a retail investor class would be premature. At this point, subclasses do not need to be considered. If the Court finds that a subclass of retail investors is needed later in the litigation, it can be easily addressed later in the litigation pursuant to Fed. R. Civ. P. 23 if there is a co-lead individual investor plaintiff in place. *See Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 254 (S.D.N.Y. 2003) (quoting *In re Microstrategy Inc. Sec. Litig.*, 110 F.Supp.2d 427, 440 (E.D. Va. 2000). Appointing a lead plaintiff of a subclass at this early stage would only serve to fracture the class and make management of the action more difficult.

## CONCLUSION

For the foregoing reasons, Mr. Pond respectfully requests that the Court appoint him as co-lead plaintiff under Section 21D(a)(3)(B) of the PSLRA. Mr. Pond further

requests that the Court approve his choice of Gustafson Gluek PLLC as plaintiff's co-lead counsel.

Dated: August 20, 2012

s/ Kevin Landau
Kevin Landau
TAUS CEBULASH & LANDAU LLP
80 Maiden Lane, Suite 1204
New York, NY 10038
Tel: 212-931-0704
klandau@tcllaw.com

Daniel E. Gustafson
Daniel C. Hedlund
Raina Challeen
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, Minnesota  55402
Tel: (612) 333-8844
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
rchalleen@gustafsongluek.com

*Attorneys for Plaintiff*