UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____________________________________________X

In re FACEBOOK INC. IPO SECURITIESAND DERIVATIVE LITIGATION

MDL No. 12-2389 (CM)
_____________________________________________X

This document relates to the Consolidated Securities Action:

No. 12-cv-4081, 4099, 4131, 4131, 4150, 4157, 4184, 4194, 4215, 4252, 4291, 4312, 4332, 4360, 4362, 4551, 4648, 4763 4777, 5511, 7542, 7543, 7544 7546, 7547, 7548, 7550, 7551 7552, 7586, 7587

DECISION AND ORDER DISPOSING OF OBJECTIONS
AND APPROVING PLAN OF DISTRIBUTION

McMahon, J.:

Before the court is Lead Plaintiffs' Motion for Approval of Distribution Plan (Docket #611), along with several objections that have been lodged by Facebook shareholders who believe they are entitled to receive a distribution from the common settlement fund.

There were originally 58 Disputing Claimants. Notice was sent to all 58 (Document #618). Each Disputed Claimant was advised that the court would accept additional submissions so it could rule on any Disputed Claims no later than April 30, 2021.

Five of the Disputed Claimants responded to Lead Counsel. A sixth responded directly to the court.

Three of the Disputed Claimants (James P. DeFranco, Jr., Thomas Kapusta, Shashadhar M. Mohapatra) have withdrawn their objections.

Three of the Disputed Claimants (Maritza Fischle-Epstein, Jordan A. Blitt and Dyan C. Dow) are pursuing their objections. Lead Plaintiffs have filed explanations about the rejection of these three claims with the court.

No other Disputed Claimant has responded to the court's notice.

The court's rulings on the three disputed claims whose claimants submitted material in response to the court-ordered notice are as follows:

*Maritza Fischle-Epstein*: Ms. Fischle-Epstein purchased Facebook common stock on May 18, 2012, at a price of $42 per share. She still held all 100 shares at the close of trading on February 23, 2018. Pursuant to the Plan of Allocation (¶67(E)), shares still held as of the close of trading on that date were deemed to have been sold at a price of $183.29, and her gain calculated at that price less her purchased price. Ms. Fischle-Epstein thus recognized a gain on her Facebook investment of over $14,000. As she sold no Facebook shares during the period covered by the settlement, she suffered no "Net Recognized Loss Amount" to deduct from her "deemed" gain at the close of the class period. She is, therefore, ineligible for any recovery and I see no error in A. B. Data's evaluation of her claim. The additional material that she provided to the court does not alter this conclusion; her contention – that she is owed $4 per share because she paid $42 rather than $38 per share on the day she purchased the stock, due to the volume of trading on that day – does not qualify her for participation in the settlement fund.

*Jordan Blit*: Mr. Blit's situation is identical to Ms. Fischle-Epstein's. He, too, purchased 100 shares of Facebook at $42 per share on February 18, 2012; he, too, still held the stock on February 23, 2018. Therefore, he is not entitled to participate in the settlement. In his submission to the court, Mr. Blit claims that he was damaged because he has not realized a gain as yet, since he still owns the stock. He quotes from Section 37 of the Notice of Proposed Settlement, which explains that persons who sold their stock either at a profit or before the market closed on May 18, 2012 are not persons who were "damaged." And Mr. Blit correctly states that he neither sold his stock on May 18, 2012 nor sold it subsequently at a profit. But Mr. Blit misunderstands the implications of the February 23, 2018 date. Anyone who held still held every share of Facebook stock purchased in the IPO as of that date is deemed for purposes of the settlement to have realized a "paper" gain, measured as the difference between the purchase price and the closing price on that date (which in Mr. Blit's case, as in Ms. Fischle-Epstein's, is $14,319). On that date – which is the end date for purposes of this litigation – his stock was worth far more than he paid for it. Therefore, he suffered no damage as damage is measured in this lawsuit. Again, I see no error in A.B. Data's evaluation of his claim.

*Dyan C. Dow*: Mr. Dow's situation is identical to the situation of the other two Disputed Claimants whose submitted information for consideration by the court. He purchased 100 shares of Facebook on May 18, 2012, at a price of $42 per share, and he still held all 100 shares on February 23, 2018. As his stock was worth $14,319 more on the last day of the damages period than it was on the day he bought it, he suffered no loss that can be compensated from the common settlement fund. Mr. Dow has provided the court with proof that he purchased his stock in the IPO, but the mere fact that someone purchased Facebook stock during the IPO does not automatically entitle that individual to participate in the settlement. By holding his stock, Mr. Dow has made a great deal of money; he was, therefore, not "damaged" by the misstatements that were the underlying cause of these lawsuits.

The 52 other Disputed Claims are denied for the reasons set forth in the Declaration of Adam D. Walter (Docket #613-4) and specifically in Exhibit D thereto (the "Disputed Claims Chart").

The Disputed Claims Chart divides the claimants into categories.

The first category are persons like the three individuals whose claims are discussed above; that is, they purchased Facebook shares during the IPO class period (and in some cases thereafter as well) and held them through the cut-off date of February 23, 2018, at which point they were deemed to have realized a "paper" gain on their investment, rendering them ineligible to participate in the settlement. The common error made by these claimants is their obvious belief that simply having purchased Facebook in the IPO and prior to the corrective disclosure entitled them to participate in the settlement. But this belief is erroneous. Having held their stock for years, any loss they might have suffered initially as long since been wiped out by the massive gains realized in Facebook stock. This accounts for 39 of the 55 remaining Disputed Claims, including the three discussed individually above.

The second category consists of one claimant, Jace Darwin, who bought and sold his Facebook stock at a loss on May 18, 2012. For purposes of the settlement, anyone who sold his Facebook IPO stock prior to the close of trading on May 18, 2012 is deemed not to have been damaged by the misstatements. As Mr. Darwin has not effectively disputed the date of his transactions in Facebook, he is ineligible per the terms of the settlement to participate.

The third category is a group of 13 shareholders that purchased shares of Facebook stock for $42 on May 18, 2012 – some of whom also purchased additional Facebook shares thereafter – and sold them prior to February 23, 2018 for a higher price. These claimants suffered no damage; they did not lose money on their Facebook investment. They are, therefore, not entitled to participate in the settlement.

The fourth category consists of four shareholders who purchased their Facebook stock in the IPO and who suffered no Net Recognized Loss per the settlement because any loss they suffered in connection with the sale of some of their shares for less than the purchase price was less than the gain they either (1) actually realized on the sale of their other Facebook shares, or (2) were deemed to have realized as of the close of trading on the settlement cut-off date of February 23, 2018, when the shares held were automatically valued at $183.29. The calculations summarized in the Disputed Claims Chart at Item I.D, which differ slightly for each of the four shareholders, have been reviewed by the court and are found to be correct and in conformity with the terms of the settlement. To the extent the court is able to determine, it appears that some or all of these claimants believe that they are entitled to participate in the settlement simply because they purchased Facebook stock during the IPO period, without regard to whether they suffered any "recognizable loss" (a defined term in the settlement agreement) on their investment. As has already been explained, that is not correct.

Finally, one shareholder's claim was disallowed because the shareholder failed to provide information about whether and when she disposed of her shares or proof that she still held them. The shareholder's reason for requesting court review – namely, that "Facebook and Nasdaq were

the reason for this bad problem" – does not justify participation in the common settlement fund. This shareholder (Mary Lou Flannery) did not provide the court with any additional information in response to the court-ordered notice. I thus have no reason to dispute A.B. Data's conclusion that the shareholder's claim must be rejected for failure to cure deficiencies.

Having disposed of the Disputed Claims, the court approves the Plan of Distribution and is today signing an order to that effect.

Dated: June 1, 2021

U.S.D.J.

BY ECF TO ALL COUNSEL